# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| **MELISSA PATRICIA JOHNSON,**<br>    Plaintiff,<br><br>V.<br><br>**CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,**<br>    Defendant. | **CIVIL ACTION NO. 7:13-CV-100-KKC**<br><br><br>**OPINION AND ORDER** |

      The plaintiff Melissa Patricia Johnson brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for Disability Insurance Benefits. The Court, having reviewed the record, will affirm the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

      An Administrative Law Judge ("ALJ") denied Johnson's application for disability insurance benefits (Administrative Record ("AR") at 13) and Johnson now asks this Court to review that decision. This Court's review of the Commissioner's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

      In determining whether a claimant has a compensable disability under the Social Security Act (the "Act"), the relevant regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

  (1) If the claimant is currently engaged in substantial gainful activity, he is not disabled. If he is not engaged in such activity, then the ALJ must proceed to step two.

(2) If the claimant's impairment or combination of impairments is not "severe," meaning the impairment(s) significantly limit his physical or mental ability to do basic work activities, he is not disabled. If the claimant's impairments are severe, then the ALJ must proceed to step three.

(3) If the claimant has a severe impairment or combination of impairments that meets or equal(s) in severity an impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1 (the Listing of Impairments), he is disabled. If not, then the ALJ must proceed to step four.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled. If it does, then the ALJ must proceed to step five.

(5) If other work exists in the national economy that accommodates the claimant's residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Id*.

In this case, the ALJ began his analysis at step one by determining that the claimant has not engaged in substantial gainful activity since May 19, 2010, the alleged onset date. (AR at 15). At step two, the ALJ determined that Johnson suffers from the following severe impairments: right shoulder problems (arthritis in the AC joint, minimal tear of the supraspinatus tendon, and rotator cuff tendinitis with impingement), degenerative disc disease of the lumbar spine; degenerative joint disease of the cervical spine, obesity, major depressive disorder, and anxiety. (AR at 15). At step three, the ALJ found the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 16).

The ALJ determined that Johnson has the residual functional capacity (RFC) to perform "light" work as defined by 20 C.F.R. § 404.1567(b) except that she can never climb ladders, ropes or scaffolds. (AR at 18.) The ALJ further determined:

> She can occasionally climb ramps/stairs, stoop, crouch, or crawl. She can frequently reach with the right upper extremity, but can only occasionally reach overhead with the right upper extremity. She can frequently handle, finger and feel with the right, dominant extremity. She must avoid concentrated exposure to excessive vibration and irritants such as fumes, odors, dust, gases, and poorly ventilated areas. The claimant can understand, remember and carry out simple and detailed instructions. She can only work in a low-stress job (defined as a job that requires only occasional decision making and has only occasional changes in the work setting). She can occasionally interact with the public and coworkers.

(AR at 18.)

At step four, the ALJ found that Johnson was unable to perform any of her past relevant work as a hospital cook, defined as "medium, skilled work." (AR at 20.)

At step five, however, the ALJ determined that, given the described RFC, Johnson could perform jobs that exist in significant numbers in the national economy and, thus, she was not disabled. (AR at 20.)

## ANALYSIS

Johnson argues that the ALJ erred because he failed to find or consider her headaches as a severe impairment. As long as the ALJ finds any impairment to be severe, however, the ALJ must proceed to the subsequent steps in the five-step analysis and he must consider both the severe and nonsevere impairments in the subsequent steps. *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008). Because the ALJ found that Johnson had some severe impairments, it is "legally irrelevant" that he did not also determine that her headaches were severe. *Id.*

3

Johnson also argues that the ALJ failed to consider Johnson's headaches in assessing her RFC. At her hearing, Johnson testified that she has about three headaches a week. (AR at 38.) She takes 800 milligrams of Motrin to treat them and then lies down and closes her eyes. (AR at 38.) In determining Johnson's RFC, the ALJ specifically considered this evidence, acknowledging that Johnson "has neck pain that causes headaches about three times per week. When these occur, she takes medication and lies down in a dark place, using heat and ice, but it does not help." (AR at 18.)

Johnson next argues that the ALJ erred because he did not state what evidence he relied upon in finding that she could perform "light" work. In making this finding, however, the ALJ cited the report of Dr. Michael Best stating that Johnson had "normal gait posture and free-arm swing, and no appearance of significant distress." (AR at 19.) Dr. Best also found that "sensation was intact; gait/station were normal as claimant was able to heel-walk, toe-walk and perform normal gait and tandem gait." (AR at 20.) The ALJ also cited a report by Dr. James Bean, a neurosurgical specialist, who determined in July 27, 2010 that Johnson could return to work but should try to avoid lifting more than 40 pounds. Dr. Bean also determined, however, that Johnson had "[n]o permanent work limitations." (AR at 19.) Thus, the ALJ determined that even the 40-pound limitation was temporary. Further, the ALJ noted that Johnson testified that she attends church once a month and doctor's appointments and that she goes grocery shopping with her husband each week for one to two hours. (AR at 17.) This is substantial evidence supporting the ALJ's RFC conclusion.

Johnson also argues that the Appeals Council failed to consider the opinion of Dr. Anbu Nadar, her treating physician. Dr. Nadar's opinion is dated July 3, 2012. (AR at 1085.) The hearing before the ALJ occurred on May 22, 2012 and his opinion is dated June 14, 2012. While

4

the ALJ was unable to consider Dr. Nadar's opinion, the Appeals Council specifically noted that it did consider Dr. Nadar's opinion in reaching its decision. (AR at 1, 5.)

To the extent that Johnson argues that this Court should remand this matter to the ALJ for consideration of Dr. Nadar's opinion under sentence six of 42 U.S.C. § 405(g), the Court may do so only if the evidence is "new" and "material" and "good cause" is shown for the failure to present the evidence to the ALJ. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010).

> For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding.". . . Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.". . . A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.

*Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citations omitted).

Johnson provides no reason for failing to obtain and present Dr. Nadar's opinion to the ALJ. Further, Dr. Nadar's opinion that Johnson should not lift more than 20 pounds occasionally and 10 pounds frequently is consistent with the ALJ's RFC determination. Dr. Nadar's conclusion that Johnson is "totally disabled for gainful employment" is an opinion on an issue reserved for the Commissioner. Thus, it is not entitled to controlling weight or any "special significance." *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007). For these reasons, Johnson has not demonstrated a reasonable probability that the ALJ would have reached a different disposition of the disability claim if presented with Dr. Nadar's opinion.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 11) is **DENIED**;
2. The defendant's motion for summary judgment (DE 12) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated September 5, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY